(Reap. Dec. 8812)

STOEGER ARMS CORP. *v.* UNITED STATES

Entry No. 734330.

(Decided May 23, 1957)

*Sharretts, Paley & Carter* (*Joseph F. Donohue* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

LAWRENCE, Judge: Certain sporting rifles imported from Germany comprise the subject merchandise of this appeal for a reappraisement.

There is agreement between the parties hereto that United States value, as that value is defined in section 402 (e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. §1402 (e)), at which the merchandise was appraised, is the proper basis of appraisement, the only issue being as to whether the amount of an internal revenue tax was properly included in the appraised value thereof.

At the hearing of this appeal, the parties stipulated the following facts:

With respect to the appraisement of this merchandise, the merchandise was appraised on the basis of a United States selling price of $135.44, which included in said price an excise tax of 11 per cent which was imposed upon the selling price of the merchandise, so that the selling price of the merchandise less the tax was $122.00, the excise tax being $13.44. In arriving at the net figure, the appraiser did not allow said 11 per cent excise tax and made the following deductions from $135.44: a cash discount of 2 per cent or $2.71 and an allowance for overhead of 8 per cent and an allowance for profit of 8 per cent, totaling $21.24, leaving a balance of $111.49, and an allowance for freight and other expenses of $3.02, leaving a balance of $108.47. From this, in determining the value, there was an allowance for duty of $18.75, leaving a net figure of $89.72 as the net United States value.

It is agreed also that the actual appraisement made by the appraiser was $89.19, and that said figure was in error; the United States value which should have been found was $89.72, as the appraised value.

*       *       *       *       *       *       *

The importer claims as follows: The sale price of the merchandise exclusive of tax is $122.00 and the amount of tax is $13.44, so that the total of the sale price, plus the tax, is $135.44. In determining the United States value, the importer claims that the appraiser should start with a sale price of $122.00 and allow therefrom a discount of 2 per cent for cash, amounting to $2.44, leaving a net figure of $119.56. From this, there should be an allowance of 8 per cent for general expenses and 8 per cent for profit, totaling $19.13, leaving a net figure of $100.43; from this, an allowance should be made for freight and other expenses of $3.02, leaving a net figure of $97.41, from which there should be deducted the duty of $18.75, leaving a net United States value of $78.66 and it is this figure, $78.66 which is claimed by the importer to be the proper United States value.

* * * In other words, counsel agree that if the merchandise was properly appraised and if the excise tax is part of the dutiable value, such figure is net $89.72. If, however, the importer's contention is correct and the excise tax is not part of the dutiable value, then we agree that the figure should be a net United States value of $78.66.

The tax of 11 per centum, which was included in the United States selling price by the appraiser, is provided for in the Internal Revenue Code, title 26 U. S. C. A., section 4181, the pertinent portion of which reads as follows:

### § 4181.  Imposition of tax

There is hereby imposed upon the sale by the manufacturer, producer, or importer of the following articles a tax equivalent to the specified percent of the price for which so sold:

*       *       *       *       *       *       *

**Articles taxable at 11 percent—**

Firearms (other than pistols and revolvers).

\* \* \* \* \* \* \*

For ready reference, there is set forth below a tabulation representing the opposing contentions as to values:

Government's computation of value

| | |
|---|---:|
| Selling price in United States, including 11 per centum internal revenue tax | $135. 44 |
| Less 2 per centum | 2. 71 |
| | $132. 73 |
| Less 8 per centum overhead and 8 per centum profit | 21. 24 |
| | $111. 49 |
| Less freight and other expenses | 3. 02 |
| | $108. 47 |
| Less customs duty | 18. 75 |
| United States value, net, packed | $89. 72 each |

Plaintiff's computation of value

| | |
|---|---:|
| Sale price (excluding internal revenue tax) | $122. 00 |
| Less 2 per centum | 2. 44 |
| Net sale price | $119. 56 |
| Less 8 per centum overhead and 8 per centum profit | 19. 13 |
| | $100. 43 |
| Less freight and other expenses | 3. 02 |
| United States value, plus duty | $97. 41 |
| Less customs duty | 18. 75 |
| United States value, net, packed | $78. 66 each |

Plaintiff, in its brief, states the issue as involving the inclusion by the appraiser in his finding of United States value of the 11 per centum tax imposed by virtue of the provisions of the Internal Revenue Code, *supra*, and as presenting the following questions:

(1) Is such tax a part of the price at which the rifles are freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, as specified in section 402 (e) of the tariff act?

(2) If such tax is such a part, is it a "duty" within the purview of section 402 (e) and, therefore, a deductible item in computing the value upon which customs duty was imposed pursuant to paragraph 365 of the tariff act?

The definition of United States value, contained in section 402 (e) of the Tariff Act of 1930, as amended, *supra*, reads as follows:

The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

In support of plaintiff's contention that the internal revenue tax is not part of the price at which the rifles in issue are freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, reference is made in its brief to several authorities, some of which will be adverted to here.

It is plaintiff's argument that, in construing section 402 of the present tariff act, this court and the appellate tribunal have generally eliminated taxes imposed in foreign countries and included in the offered price. In support of this argument, plaintiff cites the case of *United States* v. *International Commercial Co., Inc.*, and *Armour & Co.*, 28 Cust. Ct. 629, Reap. Dec. 8112. The appellate division affirmed the trial court in holding that a 20 per centum I. A. P. I. (Instituto Argentino de Promoción del Intercambio [Argentine Institute for the Promotion of Trade]) charge on an importation of corned beef from Argentina did not form part of the export value thereof for appraisement purposes, although said charge was included in its sales price. In said decision, the court stated:

Any reading of the provision for export value contained in section 402 (d) of the Tariff Act of 1930 must reveal that the value therein contemplated is for merchandise "in condition, packed ready for shipment to the United States," that is to say, a value including the *per se* value of the goods and only those costs, charges and expenses which accrue up to the time when the merchandise is in the said condition. Any costs, charges, or expenses, other than the foregoing, even though included in the offered price, are not part of the export value for tariff purposes. See *United States* v. *New England Foil Corp.*, 10 Cust. Ct. 596, Reap. Dec. 5856, and *Henry D. Gee Co.* v. *United States*, 24 Cust. Ct. 508, Reap. Dec. 7772.

It is clear that the 20 per centum I. A. P. I. charge, as well as the other nondutiable charges which have been conceded by the Government not to be part of the export value, accrued after the merchandise was "in condition, packed ready for shipment to the United States," and the finding of the court below that it was not part of the market value of the merchandise is concurred in.

In the decision of the court below in the *International Commercial* case, *supra* (26 Cust. Ct. 607, Reap. Dec. 7980), which contains an exhaustive review of pertinent cases, reference was made to *Sternfeld* v. *United States*, 12 Ct. Cust. Appls. 172, T. D. 40065, wherein it had been stipulated by the parties thereto that the appraiser added

to the entered value the amount of an export tax assessed by the Government of China upon the merchandise there involved when exported from China. The appellate court, in the latter case, gave expression to the following views:

> However, if an export tax is an element of value in determining the market value or price, if it is a part thereof, it would properly be considered a part of export value as defined. In this case the export tax was not an element to be considered in determining market value, nor was it a part thereof, for the reason that, as we construe the stipulation, the tax did not accrue when the manufacturers sold such or similar merchandise, but did accrue only in case the merchandise was exported and at the time when it was exported. Therefore, the wholesale price of such or similar merchandise did not include the export tax. If the wholesale price of such or similar merchandise did not include the tax and if the purchasers of such merchandise "in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States," did not pay a price sufficient to cover the tax, the market value did not include it, even though the tax was paid by the purchasers upon exportation of the merchandise. * * *

With like effect, reference is made to the case of *United States* v. *Tadross & Co. et al.*, 14 Ct. Cust. Appls. 10, T. D. 41528.

Plaintiff seeks to draw an analogy between the deduction of an export tax from the finding of export value, as held in the cases referred to, *supra*, and the deduction of the internal revenue tax from the finding of United States value, in arriving at the *per se* value of the rifles in the instant case. It is the court's opinion, however, that the analogy, although an ingenious one, is not controlling, in view of the different language of the respective provisions of the valuation section of the tariff act and in the light of judicial interpretation thereof.

Section 402 (d) of the tariff act provides as follows:

> The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

As set forth in the *International Commercial, Sternfeld*, and *Tadross* cases, *supra*, the export tax there involved did not accrue when the manufacturers sold such or similar merchandise, "packed ready for shipment to the United States," but accrued only in case the merchandise was exported and at the time it was exported. As was stated in Reap. Circ. 35120—

> * * * where the payment of an export tax depends wholly upon whether merchandise which may be subjected thereto is exported from the country where

it is purchased it is no part of the market value thereof. This is especially true when the tax is not paid upon purchase but as an extra charge for the privilege of exporting.

Section 402 (e), set forth in full above, defines United States value as the "price at which such or similar imported merchandise is *freely offered for sale* for domestic consumption, *packed ready for delivery*, in the principal market of the United States to all purchasers, * * *, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, * * *." [Italics supplied.]

It is the contention of plaintiff that the 11 per centum tax, provided by section 4181 of the Internal Revenue Code to be imposed upon the sale by a manufacturer, producer, or importer of firearms, is in the nature of a "duty" and is a deductible item for appraisement purposes.

While plaintiff correctly points out that the issue in the case of *John H. Faunce, Phila., Inc.* v. *United States,* 69 Treas. Dec. 1584, Reap. Dec. 3880, affirmed on appeal in 71 Treas. Dec. 1276, Reap. Dec. 4028, and 25 C. C. P. A. (Customs) 131, T. D. 49245, which involved the question of whether an excise tax on matches should be deducted in arriving at United States value, did not directly present the question whether the tax involved in that case was, in contemplation of law, a "duty," but rather concerned itself with whether it was a "necessary expense," within the meaning of section 402 (e), nevertheless, the trial court expressed its views on the point in the following language:

* * * If it had been intended that the tax on matches imposed by section 612 of the revenue act should be classified as a duty it would have been easy for Congress to do so by wording section 612 accordingly. It was not termed a duty. This clearly indicates it is not an allowance deductible in ascertaining United States value, as provided in section 402 (e) of the Tariff Act of 1930. There is nothing in section 612 of the revenue act to indicate that this tax on matches is anything but an excise tax.

\*        \*        \*        \*        \*        \*        \*

* * * The domestic manufacturer must pay the tax on matches manufactured in the United States. If the importer is permitted to deduct this tax then he has an advantage over the domestic manufacturer. I do not believe Congress contemplated such deduction. By this tax both the importer and the manufacturer are placed on an equality, which is in direct accord with the intent of the legislature.

\*        \*        \*        \*        \*        \*        \*

When the merchandise involved was delivered to the plaintiff, and the regular duties paid thereon, it became subject to any other tax, state or national, thereafter enacted. The tax is on the matches sold by the manufacturer, producer, or importer (three classes), and it matters not whether the matches are locally produced or an importation. This signifies that the tax is not a duty as provided by tariff laws, but an excise tax on matches. It is immaterial under the tariff act whether imported merchandise is sold or not. Duties are assessed on importa-

tion.  Under section 612 of the revenue act the tax is impounded on matches sold by the importer.  It is not a tax on the importation, but on the sale of the merchandise, and being an importation it is presumed the matches were imported for sale. * * *

Although the foregoing expression of the trial court appears as dictum in the *Faunce* case, *supra*, it is the opinion of the court in the instant case that it expresses a sound interpretation of the law.

In finding the United States value for imported merchandise, the only items to be deducted from the freely offered price for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, are the items specified in section 402 (e) which accrued *from the place of shipment to the place of delivery* upon importation.

Since the excise tax of 11 per centum, provided for in section 4181 of the Internal Revenue Code, with which the court is here concerned, accrues after the firearms have reached the place of delivery and applies to their sale by the manufacturer, producer, or *importer*, it is not, therefore, a deductible item, as contended by plaintiff herein, but forms part of the price at which prototype merchandise is freely offered for sale in the United States for domestic consumption, packed ready for delivery, to all purchasers.

Upon the record before the court, I find as facts:

1.  That the imported merchandise, consisting of sporting rifles, was appraised on the basis of United States value, as that value is defined in section 402 (e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, which basis is agreed upon by the parties.

2.  Section 4181 of the Internal Revenue Code, title 26 U. S. C. A., imposes a tax of 11 per centum upon the sale of firearms by a manufacturer, producer, or importer.

3. In appraising the imported rifles, pursuant to section 402 (e), *supra*, the appraiser deducted from the selling price in the United States of $135.44, which includes the 11 per centum internal revenue tax, a 2 per centum discount, 8 per centum for overhead, and 8 per centum for profit, freight of $3.02, and customs duty, amounting to $18.75, which results in a United States value of $89.72 per rifle, net, packed.

I hold as conclusions of law:

1. That United States value, as defined in section 402 (e), as amended, *supra*, is the proper basis for appraisement of the imported rifles.

2.  That the internal revenue tax of 11 per centum provided in section 4181, title 26 U. S. C. A., amounting to $13.44, is part of the price at which manufacturers, producers, or importers freely offered such rifles for sale in the United States, packed ready for delivery, at the time of exportation of the imported merchandise.

3. That said internal revenue tax is not one of the allowances, the deduction of which is provided for in said section 402 (e), as amended.

4. That the United States value of the imported rifles is $89.72 each, net, packed.

Judgment will issue accordingly.